```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                          :
WILLIS TURNER,                            :
                                          :
              Plaintiff,                  :    MEMORANDUM AND ORDER
                                          :
     -against-                            :    11 Civ. 1814 (NRB)
                                          :
P.O. OLIVER;                              :
P.O. C. LEVINE;                           :
S.P.O H. DELGADO;                         :
S.P.O. CAMACHO;                           :
NEW YORK STATE DIVISION OF PAROLE,        :
                                          :
              Defendants.                 :
                                          :
------------------------------------------------------------------X
```

**NAOMI REICE BUCHWALD, United States District Judge**:

Plaintiff, currently incarcerated in the George Motchan Detention Center on Rikers Island, brings this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff raises claims for damages and other relief, alleging due process violations in the context of what appears to be an ongoing parole revocation proceeding. Plaintiff alleges that he has been instructed by a Notice of Violation to advise parole staff of the witnesses to be produced at his hearing. Plaintiff alleges that he has not been provided with a telephone number, address, or other means to contact parole staff.

## STANDARD OF REVIEW

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint, or portion thereof, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  While the law authorizes dismissal on any of these grounds, district courts "remain obligated to construe a *pro se* complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).  Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

## DISCUSSION

A.  Defendant New York State Division of Parole

Plaintiff's claims against Defendant New York State Division of Parole ("NYSDOP") must be dismissed.  The Eleventh Amendment bars from federal court all suits by private parties against a state unless the state consents to such a suit or Congress has expressly abrogated its immunity.  See Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363-64 (2001);

2

Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984).  A state's immunity extends to state agencies such as Defendant NYSDOP. See Alabama v. Pugh, 438 U.S. 781, 782 (1978); Dube v. State Univ. of New York, 900 F.2d 587, 594-95 (2d Cir. 1990).

Because neither the State of New York nor its agencies have consented to be sued in federal court under 42 U.S.C. § 1983, and Congress has not abrogated the state's immunity, see Dube, 900 F.2d at 594; Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 40 (2d Cir. 1977), plaintiff's claims against Defendant NYSDOP are barred by the Eleventh Amendment and are dismissed.

B. Individual Defendants

Plaintiff's claims against the individual defendants must also be dismissed. The complaint states that plaintiff has not been given the opportunity to contact parole staff regarding the the witnesses he wishes to call at his parole hearing. However, he does not allege that a parole hearing was held which ended in a revocation of parole and where he was not permitted to call witnesses.

It is readily obvious that at the first session of his parole revocation hearing, if not before, plaintiff will have an opportunity to inform parole authorities of the witnesses he intends to call. In the absence of a decision revoking his

3

parole which was not preceded by a hearing meeting the standards of Morrisey v. Brewer, 408 U.S. 471 (1972), and Gagnon v. Scarpelli, 411 U.S. 778 (1973), this issue is not ripe for resolution. See Davis v. N.Y. State Div. of Parole, No. 07 Civ. 5544 (NRB), 2008 U.S. Dist. LEXIS 64185 at *15-26 (S.D.N.Y. Aug. 19, 2008) (discussing procedural requirements of parole revocation proceedings). Ripeness addresses the timing of a suit, i.e. whether it has been brought too early so that it is unclear a real dispute will actually arise. The doctrine addresses whether the Court has jurisdiction. See Renne v. Geary, 601 U.S. 312, 320 (1991).

## CONCLUSION

For the aforementioned reasons, the Court dismisses Plaintiff's complaint in its entirety. 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: New York, New York
April 25, 2011

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Order have been mailed on this date to the following:

Willis Turner
#349-11-01091
GMDC C-73
15-15 Hazen Street
East Elmhurst, New York 11370